IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| KATHI RUCKER-JOHNSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 2:25-cv-02115-SHL-atc |
| | ) |
| ZION DEBT HOLDINGS, LLC, | ) |
| | ) |
|     Defendant. | ) |

### REPORT AND RECOMMENDATION TO DISMISS COMPLAINT FOR INSUFFICIENT SERVICE

Before the Court is Plaintiff Kathi Rucker-Johnson's *pro se* Complaint against Zion Debt Holdings, LLC ("Zion"), filed on February 3, 2025. (ECF No. 2.) Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. For the reasons set forth below, it is recommended that Rucker-Johnson's Complaint be dismissed without prejudice for failure to effectuate adequate service of process and for failure to prosecute, pursuant to Federal Rules of Civil Procedure 4(m) and 41(b).

### PROPOSED FINDINGS OF FACT

On February 3, 2025, Rucker-Johnson filed a *pro se* Complaint alleging violations of the Fair Debt Collection Practices Act against Zion. (ECF No. 2.) The same day, Rucker-Johnson paid the civil filing fee and was provided with an issued summons for Zion by the Clerk's Office. (ECF No. 7.) On February 18, 2025, Rucker-Johnson filed a service return for Zion, listing its

registered agent as Resident Agents, Inc., 8 The Green A, Dover, DE 19901. (ECF No. 9.) To date, Zion has not made an appearance in this case.

On May 30, 2025, the Court entered an Order to Reissue Summons and to Effect Adequate Service. (ECF No. 12.) As stated in that Order, Zion does not appear to be registered in Delaware, but the Utah Secretary of State's website reflects an entry for "Zion Debt Holdings, LLC" with a registered agent address listed as Claudia Da Silva, 299 E. 950 S St., Orem, UT 84058.[1] The Clerk's Office reissued the summons reflecting the Utah information that same day. (ECF No. 13.) The Court ordered Rucker-Johnson to obtain service on Zion using this new summons and file a service return on the docket by June 30, 2025, and she was warned that "[f]ailure to obtain service and file a service return by June 30th may result in the dismissal of this action without prejudice." (ECF No. 12, at 2.)

When Rucker-Johnson failed to file a service return by June 30th, the Court entered its Final Order to Show Cause Regarding Service of Process on July 11, 2025. (ECF No. 14.) Rather than recommend dismissal at that time, the Court granted her one final extension of time to effectuate and prove service—until July 25, 2025. (*Id.* at 2.) Rucker-Johnson was ordered to obtain service on Zion using the new summons from May 30th (ECF No. 13) and to file a service return on the case docket by July 25th. (ECF No. 14, at 2.) She was again expressly warned that "[f]ailure to obtain service and file a service return by July 25th will result in the dismissal of this action without prejudice." (*Id.*)

---

[1] The Court takes judicial notice of the service-related information on the Utah Secretary of State's website, available at https://perma.cc/EN2F-HHG2.

To date, Rucker-Johnson has not filed a proof of service for Zion using the May 30th summons (ECF No. 13), and she has not otherwise responded to the Court's Orders from May 30th (ECF No. 12) or July 11th (ECF No. 14).

## PROPOSED CONCLUSIONS OF LAW

"Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties." *Collins v. Waste Mgmt.*, No. 17-cv-2704-SHL-dkv, 2017 WL 6947871, at *2 (W.D. Tenn. Dec. 22, 2017), *report and recommendation adopted*, 2018 WL 445125 (W.D. Tenn. Jan. 14, 2018) (quoting *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003)). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Id.* (quoting *Omni Cap., Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)). Pursuant to Rule 4(l), "[u]nless service is waived, proof of service must be made to the court." Fed. R. Civ. P. 4(l)(1). A plaintiff "bears the burden of perfecting service of process and showing that proper service was made." *Sawyer v. Lexington-Fayette Urban Cnty. Govt.*, 18 F. App'x 285, 287 (6th Cir. 2001). Rule 4(m) further provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The Complaint in this case was filed on February 3, 2025. Thus, pursuant to Rule 4(m), Rucker-Johnson had ninety days, or until May 5, 2025, to serve Zion. Though Rucker-Johnson filed a service return for Zion that listed its registered agent at an address in Delaware (ECF No. 9), as discussed in the May 30th Order (ECF No. 12), Zion does not appear to be registered in Delaware and is instead registered in Utah. The Court provided Rucker-Johnson with the

3

correct service address for Zion and a reissued summons and also granted her two *sua sponte* extensions of time to serve Zion, with July 25th as her final service deadline. (ECF Nos. 12, 14.) She was also expressly warned that "[f]ailure to obtain service and file a service return by July 25th will result in the dismissal of this action without prejudice." (ECF No. 14, at 2.)

And yet over six months after this case was filed on February 3rd and over two months since the Court first ordered Rucker-Johnson to serve Zion at the Court-provided address, she still has not filed a valid proof of service as she was twice ordered. She has therefore failed to timely serve process on Zion or show good cause for her failure, such that this case should be dismissed without prejudice pursuant to Rule 4(m).

Furthermore, because Rucker-Johnson has failed to effectuate service and has failed to respond at all to the May 30th and July 11th Orders, this case is subject to dismissal without prejudice under Federal Rule of Civil Procedure 41(b). Rule 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Rule 41(b) "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363). The

Sixth Circuit therefore affords district courts "substantial discretion" regarding decisions to dismiss for failure to prosecute.  *Id.* (quoting *Knoll*, 176 F.3d at 363).

In determining whether to dismiss an action under Rule 41(b), courts consider four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Carpenter*, 723 F.3d at 704.  "[N]one of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct."  *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that "dismissal, even 'with prejudice,' is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))).  "[B]ecause dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the 'controlling standards should be greatly relaxed' for Rule 41(b) dismissals without prejudice where 'the dismissed party is ultimately not irrevocably deprived of his or her day in court.'"  *Wilson v. Shelby Cnty. Div. of Corr.*, No. 2:20-cv-02385-TLP-tmp, 2021 WL 1148221, at *1 (W.D. Tenn. Mar. 25, 2021) (quoting *Muncy*, 110 F. App'x at 556).

Evaluation of these four factors reveals that dismissal of this case without prejudice under Rule 41(b) is the only appropriate sanction.  As to the first factor, "[w]illfulness, bad faith, or fault is demonstrated when a plaintiff's conduct evidences 'either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings.'"

*Shavers*, 516 F. App'x at 570 (quoting *Schafer*, 529 F.3d at 737); *see also Gibson v. Solideal USA, Inc.*, 489 F. App'x 24, 31–32 (6th Cir. 2012) (citing *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011)) (holding that bad faith exists when a party delays or disrupts the litigation or hampers the enforcement of a court order). Rucker-Johnson is undisputedly at fault for delaying these proceedings by refusing to complete service as ordered by this Court. Despite the wide latitude the Court has given her by way of two *sua sponte* extensions of time to complete service, she has disregarded these Orders, including most recently the July 11th Order that unequivocally directed her to complete and prove service by July 25th. Rucker-Johnson's failure to effectuate service or advance her case evidences "willfulness, bad faith, or fault."

The second factor—prejudice to the Defendant due to Rucker-Johnson's misconduct—is inapplicable, as Defendant has not been properly served and has not appeared in this case.

The third factor—prior notice, or the lack thereof—is "a key consideration" in determining whether dismissal under Rule 41(b) is warranted. *Schafer*, 529 F.3d at 737 (quoting *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998)). This factor strongly supports dismissal, as Rucker-Johnson was expressly and unambiguously warned in two different orders (ECF Nos. 12, 14) that failure to effect and prove service would result in the dismissal of this case.

The fourth factor does not require the Court "to incant a litany of the available lesser sanctions" before dismissing a case for failure to prosecute. *Shavers*, 516 F. App'x at 571 (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)). Instead, in circumstances such as these, where a plaintiff ignores orders of the Court and fails to prosecute her case, dismissal is appropriate. *See, e.g.*, *Lee v. Glaxosmithkline, LLC*, No. 2:12-cv-02393-JTF-cgc, 2014 WL 691192, at *2 (W.D. Tenn. Feb. 21, 2014) (finding dismissal under

6

Rule 41(b) appropriate when a plaintiff "failed to comply with several orders of the Court including to appear at a Rule 26(b) scheduling conference and to respond to an Order to Show Cause"); *Bass v. Leatherwood*, No. 13-cv-2882-JDT-tmp, 2014 WL 1665205, at *2 (W.D. Tenn. Apr. 24, 2014) (finding dismissal under Rule 41(b) appropriate where a plaintiff, *inter alia*, failed to participate in discovery planning or comply with court orders); *Sails v. Bluescope Bldgs. N. Am., Inc.*, No. 1:22-cv-01068-STA-jay, 2022 WL 12140215 (W.D. Tenn. Sept. 22, 2022), *report and recommendation adopted*, 2022 WL 11988108 (W.D. Tenn. Oct. 20, 2022) (dismissing the case without prejudice under Rule 41(b) when the plaintiff failed to effectuate service or respond to a show-cause order that gave her additional time for service).

Considering the *Carpenter* factors, the Court recommends dismissal without prejudice, which "balances the Court's interest in docket management with the public policy interest in disposition of cases on their merits." *Muncy*, 110 F. App'x at 556 n.5. Dismissal without prejudice "is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se." *Clayborn v. Lee*, No. 3:22-cv-00458, 2022 WL 17420375, at *4 (M.D. Tenn. Dec. 5, 2022) (citing *Schafer*, 529 F.3d at 737). Nonetheless, "the Sixth Circuit 'recognize[s] that dismissal without prejudice may be as harsh a remedy as dismissal with prejudice where . . . the limitation period ended and Plaintiffs' suit is now time-barred.'" *Northcutt v. Tenn. Dep't of Treasury*, No. 3:21-cv-00823, 2022 WL 1056419, at *2 (M.D. Tenn. Apr. 8, 2022) (quoting *In re Love*, 3 F. App'x 497, 498 (6th Cir. 2001)). As the court in *Northcutt* recognized, however, the result may be harsh, but "the Court lacks other appropriate, less drastic sanctions at this time." 2022 WL 1056419, at *4.

## **RECOMMENDATION**

Due to Rucker-Johnson's failure to timely effectuate proper service on Zion, as well as her failure to respond to the May 30th and July 11th Orders, it is recommended that this case be dismissed without prejudice, pursuant to Rules 4(m) and 41(b).

Respectfully submitted this 7th day of August, 2025.

s/Annie T. Christoff
ANNIE T. CHRISTOFF
UNITED STATES MAGISTRATE JUDGE

## **NOTICE**

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute forfeiture/waiver of objections, exceptions, and further appeal.