IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| KATHI RUCKER-JOHNSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ZION DEBT HOLDINGS, LLC, )<br>)<br>Defendant. ) | No. 2:25-cv-02115-SHL-atc |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING COMPLAINT**

Before the Court is Magistrate Judge Christoff's report and recommendation, filed August 7, 2025. (ECF No. 16.) In the R&R, Judge Christoff recommends that Plaintiff Kathi Rucker-Johnson's complaint be dismissed for failure to effectuate service of process under Federal Rule of Civil Procedure 4(m) and for failure to prosecute under Rule 41(b). (Id. at PageID 22.) Because Rucker-Johnson failed to properly serve Defendant Zion Debt Holdings, LLC and has taken no steps to cure service in response to Judge Christoff's show cause order, the R&R is **ADOPTED**.

On February 3, 2025, Rucker-Johnson filed suit under the Fair Debt Collection Practices Act. (ECF No. 2.) On February 18, she filed proof of service on Defendant Zion Debt Holdings, LLC at an address located in Delaware. (ECF No. 9.) Because Zion is not registered to do business in Delaware, and in the interest of judicial economy, Judge Christoff preliminarily determined that service was improper, directed the Clerk to reissue the summons for Zion's registered address in Utah, and ordered Rucker-Johnson to both obtain service with the new summons and file proof by June 30. (ECF No. 12 at PageID 16–17.) Judge Christoff warned Rucker-Johnson that a failure to do so "may result in the dismissal of this action without

prejudice." (Id. at PageID 17.)

Rucker-Johnson did not file proof of service by the deadline. On July 11, Judge Christoff ordered Rucker-Johnson to show cause and extended her deadline to file proof to July 25. (ECF No. 14 at PageID 21.) Judge Christoff again warned her that a failure to do so "will result in the dismissal of this action without prejudice." (Id.) To date, Rucker-Johnson has neither responded to the show cause order, nor obtained service with the new summons. Thus, Judge Christoff issued an R&R in which she recommends that the complaint be dismissed without prejudice for failure to effectuate proper service and failure to prosecute. (ECF No. 16.)

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations that assist in the determination of certain pretrial matters. 28 U.S.C. § 636(b)(1)(A)–(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1). A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Rucker-Johnson's deadline to object to the R&R was August 21, and she has not filed any objections. The Court has therefore reviewed the R&R in its entirety for clear error and finds none. The R&R correctly identified that dismissal is appropriate both because Rucker-Johnson failed to properly serve Zion within the ninety-day timeframe provided under Rule 4(m) and because she has failed to prosecute this case despite Judge Christoff's orders directing her to do so. (ECF No. 16 at PageID 24–28.) Thus, the R&R is **ADOPTED** and this case is **DISMISSED WITHOUT PREJUDICE** under Rules 4(m) and 41(b).

**IT IS SO ORDERED,** this 25th day of August, 2025.

                                                  s/ Sheryl H. Lipman
                                                  SHERYL H. LIPMAN
                                                  CHIEF UNITED STATES DISTRICT JUDGE